Qiu Yue LI, Petitioner,

v.

U.S. ATTORNEY GENERAL,
Respondent.

No. 03–4477–AG, A 77–322–826.

United States Court of Appeals,
Second Circuit.

April 5, 2006.

Gang Zhou, New York, NY, for Petitioner.

Dexter A. Lee, Assistant United States Attorney (Anne R. Schultz, Assistant United States Attorney), Marcos Daniel Jiménez, United States Attorney for the Southern District of Florida, Miami, FL, for Respondent, of counsel.

Present: Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL, Circuit Judges, and Hon. J. GARVAN MURTHA, District Judge.*

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

SUMMARY ORDER

Qiu Yue Li ("Li"), a native and citizen of the People's Republic of China, petitions this Court for review of a February 14, 2003 order of the Board of Immigration Appeals summarily affirming the April 25, 2001 oral decision of an immigration judge ("IJ"). The IJ denied Li's application for asylum and withholding of removal, as well as her request for relief under the Convention Against Torture. Because the BIA summarily affirmed the IJ's decision, we review the decision of the IJ directly. *Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003). Familiarity with the relevant facts, procedural history, and issues raised on appeal is presumed, but some discussion of the applicable law and the IJ's decision is warranted.

In *Diallo v. INS*, 232 F.3d 279, 285–86 (2d Cir.2000), we approved the BIA's standard concerning the need for corroboration in asylum and withholding of removal cases. According to that standard, an applicant's testimony alone may be sufficient where it is "believable, consistent, and sufficiently detailed to provide a plausible and coherent account of the basis of the alien's alleged fear." *Id.* at 285. If, however, "it is reasonable to expect corroborating evidence . . ., such evidence should be provided or an explanation should be given as to why such information was not presented." *Id.*

We held that, "[i]n practice, the BIA's standard requires a twofold determination. First, the agency must determine whether the applicant's testimony is credible." *Id.* at 290. The presence of corroborating evidence may be relevant to the credibility determination, but failure to produce corroborating evidence cannot serve as the sole basis of an adverse credibility determination. *See id.* at 290. Second, if the agency determines that the applicant was credible, it must determine whether the applicant has met her burden of proof. The presence of corroborating evidence may be required, but if the agency insists on corroboration beyond the applicant's credible testimony, "it should explain specifically, either in its decision or otherwise in the record: (1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Id.; see also Jin Shui Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003) (citing *Diallo* for the proposition that "the adjudicator must (a) identify the particular pieces of missing, relevant documentation, and (b) show that the documentation at issue was reasonably available to the petitioner.").

The IJ's decision defies efficient appellate review. In denying Li's application, the IJ did not reach a clear determination that Li did not testify credibly, nor did he determine that Li failed to provide sufficient corroboration of her testimony. Rather, the IJ mixed those determinations in a manner that ignored the requirements set forth in *Diallo*.

I. *The IJ's Adverse Credibility Determination*

■ The IJ assumed Li testified credibly as to her subjective fear of persecution. The IJ noted that Li's testimony "was generally consistent with the information on her application for political asylum." Nevertheless, the IJ held that Li's testimony "falls far short of that level of believability, consistency and detail" needed to provide "a plausible and coherent account of the objective component of her fear." The IJ next addressed the following factors: (i) certain evidence regarding Li's flight from her aunt's home in Fuzhou city; (ii) the lack of documentary evidence supporting Li's claim; (iii) Li's minor, short-lived association with Falun Gong; and (iv)

the failure of police to arrest Li on May 10, 2000. The IJ then concluded: *"For these reasons, I find that the testimony cannot rise to that level of believability, consistency and detail to provide us with a plausible and coherent account of the objective component of [Li's] fear and, therefore, the testimony on the whole is deemed not credible."* (emphasis added). The IJs "reasons" deserve further attention.

### (i) *Li's Flight From Fuzhou City*

The IJ characterized Li's flight from her aunt's home in Fuzhou city as follows:

[Li] . . . is never confronted by public security officials, she only sees police on one occasion when she is hiding in her uncle's house, but, again, there is absolutely no evidence from her own testimony that these police are looking for her. She bases this belief on the fact that she sees a woman from her village and then a couple days later sees policemen at the apartment building. There is no evidence even from respondent's testimony that the police are chasing her.

The IJ appears to suggest that Li failed to provide sufficient corroborative evidence to prove the objective basis for her fear of persecution, *i.e.*, she failed to meet her burden of proof. However this Court might view that assessment, it is not a basis for holding that Li's testimony was not credible, which is the only conclusion the IJ stated he was drawing.[1]

### (ii) *Lack of Documentary Evidence*

The IJ found that "[t]here is no warrant, there is no summons, there is nothing at all. It is just the respondent's belief that she sees policemen so they must be after

her." Presumably, the IJ is again referring to Li's flight from her aunt's home in Fuzhou city, not Li's initial flight following the raid on the Changle Printing Factory. Although insufficient documentary evidence can serve as a partial basis for an adverse credibility determination, it cannot serve as the sole basis. *E.g., Diallo*, 232 F.3d at 290. Thus, without more, the IJ's finding that Li failed to provide sufficient documentary evidence cannot support an adverse credibility determination.

### (iii) *Li's Ties to Falun Gong*

Citing the *United States Department of State Annual Report on International Religious Freedom for 1999: China*, the IJ stated that, although the Chinese government wanted to restrain Falun Gong, and there had been documented evidence of arrests and detentions, "mostly those individuals who are targeted are those perceived to be the leaders or those that are the agitators." The IJ held that "why public security officials would be so interested in an individual who was not even a Falun Gong adherent and whose participation, even tangentially with Falun Gong, lasted approximately one week is not clear and not corroborated by objective background material."

The IJ's conclusion is unsupported by the 1999 report. The report states, *inter alia*, that in July of 1999, "authorities began a crackdown on Falun Gong by arresting Falun Gong leaders around the country." That same month, "Falun Gong was banned by the Government. In the days after the ban was announced, tens of thousands of Falun Gong practitioners were reportedly detained and held in stadiums

---

1. It is also worth noting that the IJ focuses on the events that caused Li's flight from Fuzhou city, not the events that caused her initial flight following the May 10, 2000 raid on the Changle Printing Shop. There is evidence, at least from Li's testimony, that the police sought to arrest her after the raid. We leave it to the factfinder to determine, on remand, whether Li met her burden of proof.

around the country." The IJ's holding that the Chinese government "mostly" targets "leaders" and "agitators" is, therefore, based upon a misstatement of the facts in the record. *See Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004) (under the substantial evidence test, this Court's review "is meant to ensure that credibility findings are based upon neither a misstatement of the facts in the record nor bald speculation or caprice").

### (iv) *Events of May 10, 2000*

Finally, the IJ observed that government officials did not arrest Li when she returned home on the afternoon of May 10, 2000. The IJ found that, despite having the opportunity to arrest Li at her home, government officials "did not choose to do so." When reviewing an IJ's adverse credibility determination under the substantial evidence test, this Court must ensure that the determination is not based upon "bald speculation or caprice." *Id.* This finding crosses that line, given that the record contains no evidence concerning the government's knowledge that Li had returned home.

For these reasons, the IJ has failed to provide "specific, cogent reasons" that "bear a legitimate nexus" to his adverse credibility determination. *Id.* (quotation marks omitted).

## II. *Burden of Proof*

As noted, however, even if an applicant has testified credibly, the IJ can hold that additional corroboration is necessary to meet her burden of proof. *Diallo*, 232 F.3d at 290. In this case, the IJ specifically held that *"[b]ecause of the lack of documentary forms of evidence of significant weight,* I find in the aggregate the evidence does not support a finding of past persecution or a well-founded fear of future persecution to this respondent because of her association with the Falun Gong members." (emphasis added).

The IJ noted that Li failed to produce a warrant, a summons, or any documentary evidence that she distributed Falun Gong Material and was wanted by the police. The IJ also faulted the three statements Li submitted. In particular, the IJ found that the statements were not sworn documents. The IJ further held that two of the declarants, Li Ming Qin and Li Ji (a.k.a. Lin Xi), had no first-hand knowledge of anything other than the fact that Li hid at their homes. The IJ found that Yuan Jo Lin's (a.k.a. Li Yan) statement only indicated that she "thinks" she heard officers mention Li's name during the raid of the Changle Printing Shop. Finally, the IJ observed that affidavits from Li's parents or the security official related to Li's mother "would have been more helpful."

■ The IJ's factual conclusions regarding Li's documentary submissions were based on substantial evidence. Nevertheless, the IJ failed to explain "(1) why it is reasonable under the BIA's standards to expect such corroboration; and (2) why [the applicant's] proffered explanations for the lack of such corroboration are insufficient." *Diallo*, 232 F.3d at 290. Although a reasonable factfinder may have been able to make these determinations, the IJ did not do so. This Court's review is "confined to the reasoning of the IJ, and we will not search the record independently for a basis to affirm the BIA." *Secaida-Rosales*, 331 F.3d at 305.

The IJ could have disposed of this case in either of two ways. He could have found that Li's testimony was incredible and listed "specific, cogent reasons" that bore a "legitimate nexus" to that determination. *Zhou Yun Zhang*, 386 F.3d at 74 (quotation marks omitted). In the alternative, the IJ could have concluded that Li's testimony was credible but nevertheless found that, without additional corroborating evidence, Li failed to prove there was an objective basis for her fear of persecu-

tion. Such a disposition would have required the IJ to indicate (a) why it was reasonable to expect such corroboration and (b) why Li's explanations for her lack of corroboration were insufficient. *See Diallo,* 232 F.3d at 290. The IJ did neither. In the same vein, the BIA, through its summary affirmance, did nothing to rectify these obvious shortcomings.

We reverse the IJ or BIA's factual determinations only where no reasonable fact-finder could have failed to find the applicant has met his or her burden, but we will vacate if the IJ or BIA fails to apply the law correctly. *Jin Shui Qiu,* 329 F.3d at 149. For the reasons set forth above, we grant the petition for review, vacate the BIA's summary affirmance, and remand the case for further proceedings consistent with this order.